## No. 2.

### MEEKER against DENISON. Addison, 1820.

WHERE A. sold to B. a note, payable in cloth, and warranted the same collectable ; after the note fell due B. issued a writ of attachment, obtained a judgment, and issued an execution against the maker of the note, which is returned non est. B. sues A. on the warranty. A. offers to prove that B. sold the note to C. before it fell due ; that when the suit was commenced on the note, the maker had sufficient personal property, which A. offered to turn out on the attachment, but which C. refused to take. This was held proper evidence to discharge A. from his warranty.

ERROR brought to reverse the judgment of Addison County Court.

In the original suit, Denison v. Meeker, the declaration stated that Meeker sold Denison a note, payable in cloth, in favor of one Asa Staples, against Refine Weeks, and warranted the same to be collectable ; it also stated, that when said note became due, a writ of attachment was issued on it, and being duly served and returned, was entered in Court, &c. Judgment recovered for the plaintiff, and execution taken out, and returned, with the officer's return thereon endorsed, that he could find neither the goods, chattels, or estate of said Weeks, whereon to levy, &c. and had commited his body to Jail, &c.

Plea—Non assumpsit.

On the trial, in the County Court, the defendant offered to prove that Denison, before the suit was commenced, sold the note to one Barton, who commenced and controlled the suit; that at the time when the suit was commenced, Weeks had more than sufficient personal property to satisfy the debt, which might have been attached, and which Meeker offered to *turn out*, and requested Barton to take, but which Barton refused to do. This evidence was rejected, and this writ of error is founded on a bill of exceptions to the decision of the County Court.

Upon the above facts, the plaintiff in error, contended :

That the rejection of such testimony was erroneous, because the testimony proved the fact *warranted*, to wit, that the note was *collectable*.

By the Court. The evidence ought to have been admitted; the facts offered to be proved, shewed a *gross* neglect on the part of Barton, inasmuch as he refused to permit Meeker to secure the debt against Weeks.

*Judgment*—That there is error ; Judgment of the County Court reversed, and the cause continued to the Jury term for trial.